FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 11, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW STAWICKI,<br><br>            Plaintiff,<br><br>  v.<br><br>SHERIFF CLAY MEYERS, SUPERINTENDENT STEPHEN PANITTONI, LT. EDWARD BUNTIN, SGT. FERNANDO CONTRERAS, OFFICER SCOTT HOLT, SGT. DIRK KIVI, CHIEF PROSECUTOR GREGORY I. ZEMPLE, DEPUTY PROSECUTING ATTORNEY CRAIG JURIS, SGT. JEFF BARNSLEY, and KITTITAS COUNTY,<br><br>            Defendants. | NO: 1:22-CV-3154-RMP<br><br>ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) |

By Order filed February 2, 2023, the Court gave Plaintiff Andrew Stawicki a second opportunity to amend or voluntarily dismiss his complaint. *See* ECF No. 15. Plaintiff had initiated this action while incarcerated at the Kittitas County Jail in Ellensburg, Washington. ECF No. 1. He is proceeding *pro se* and *in forma*

ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) -- 1

*pauperis*. Attorney Patrick G. McMahon entered a notice of appearance on behalf of some of the Defendants, ECF No. 8, although the Court did not direct that the complaint be served or that a response be given. A copy of the Second Order to Amend or Voluntarily Dismiss, Order Denying Motion for Appointment of Counsel and Order Denying Motion for Extension of Time as Moot, ECF No. 15, was mailed to Plaintiff at the Kittitas County Jail, but was returned as undeliverable on February 8, 2023. ECF No. 16.

Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and opposing parties advised as to his current mailing address. If mail directed to a *pro se* plaintiff is returned by the Postal Service, he has sixty (60) days to notify the Court and opposing parties of his current address or the Court may dismiss the action. LCivR 41(b)(2).

The Court has an interest in managing its docket and in the prompt resolution of civil matters. *See Destfino v. Reiswig,* 630 F.3d 952, 959 (9th Cir. 2011) (affirming district court's inherent power to control its docket); *see also Pagtalunan v. Galaza,* 291 F.3d 639, 642–44 (9th Cir. 2002) (discussing factors to consider in dismissing a claim for failure to prosecute or failure to comply with a court order, including the public's interest in expeditious resolution, the court's need to manage its docket, and the risk of prejudice to defendants). Plaintiff has failed to keep the Court apprised of his current address.

//

ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) -- 2

Accordingly, **IT IS HEREBY ORDERED**:

1. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to LCivR 41(b)(2).

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The District Court Clerk is **DIRECTED** to enter this Order, enter judgment, provide copies to Plaintiff at his last known address and to counsel for Defendants, and **CLOSE** the file.

**DATED** April 11, 2023.

                    *s/ Rosanna Malouf Peterson*
                    ROSANNA MALOUF PETERSON
                    Senior United States District Judge